NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
BOSTON
HOUSTON
DALLAS
AUSTIN
HANOI
HO CHI MINH CITY



FIRM and AFFILIATE OFFICES

MICHAEL R. GOTTFRIED
DIRECT DIAL: +1 857 488 4212
PERSONAL FAX: +1 857 401 3030
E-MAIL: MRGottfried@duanemorris.com

www.duanemorris.com

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR

ALLIANCES IN MEXICO
AND SRI LANKA

March 17, 2021

**VIA ECF**

The Honorable Paul A. Engelmayer
United States District Court
40 Foley Square, Room 2201
New York, NY 10007

      Re:    <u>Pratt v. Atalian Global Services, Inc., et al., 1:20-cv-03710-PAE</u>

Dear Judge Engelmayer:

      Pursuant to Section 2(C) of this Court's Individual Rules and Practices, Plaintiff Glenn A. Pratt hereby responds to Defendants' ("Atalian") letter dated March 14, 2021 (ECF No. 62).

      As a preliminary matter, Mr. Pratt notes that in connection with his sale of Suburban to Atalian he relinquished control of the books and records of Suburban. Those records became the property of Atalian. Atalian's letter reveals it cannot accept that Mr. Pratt cannot produce what he does not have in his possession, custody or control. Furthermore, Atalian continues to refuse to accept that Mr. Pratt is an individual—as opposed to a large multi-national corporation like Atalian—and Mr. Pratt does not use e-mail as a regular mode of correspondence. Again, Mr. Pratt cannot produce what he does not have.

      With that context, Mr. Pratt addresses Atalian's arguments in turn below.

**I.    Mr. Pratt Has Complied with His Discovery Obligations and Is Not "Withholding" Documents**

      Mr. Pratt can decipher two primary concerns raised in Atalian's letter regarding "document repositories," both of which could have been addressed by a phone call without involving the Court. First, Mr. Pratt confirms that the hard drive was collected by counsel and reviewed by counsel, and responsive documents from the hard drive were produced by counsel. Mr. Pratt is aware of no applicable rule which requires him to identify and disclose non-responsive personal documents on the drive, as Atalian requests. To the extent Atalian seeks clarity regarding the location of the hard drive, it is in the possession of counsel.

DuaneMorris

The Honorable Paul A. Engelmayer
March 17, 2021
Page 2

Second, Mr. Pratt has been candid with Atalian regarding the "Cohasset Account." As Mr. Pratt has explained to Atalian, this email account was used by Mr. Pratt for the purpose of communicating with outside counsel regarding the stock purchase agreement. Because of that, the account has not been used by Mr. Pratt for quite some time, and at present, Mr. Pratt is not in possession of the credentials necessary to view the account. While Mr. Pratt has made a diligent effort to regain access to the account, those efforts have, to date, been unsuccessful, but are ongoing. Mr. Pratt did review counsel's e-mails to and from Mr. Pratt using that account and made a supplemental production on February 26, 2021 of the responsive, non-privileged e-mails identified from that review, consisting of e-mails Mr. Pratt was copied on to Atalian's deal counsel.

Finally, while all of Mr. Pratt's recent efforts had been focused on the parties' mediation which occurred earlier this month in the hopes of resolving this case, Mr. Pratt has now turned to finalizing his privilege log and will produce it by Friday, March 19, 2021.

II. **Mr. Pratt Responded to Atalian's Requests for Production in Full and Remains in the Dark as to Atalian's Specific Complaints**

Atalian asks this Court to order Mr. Pratt to "provide full, complete, and substantive responses to Atalian's First Requests." Yet, both in its letters to the Court and to Mr. Pratt, Atalian has failed to identify which responses it believes are deficient and why.

By way of background, Atalian's November 18, 2020 letter identified particular requests for which Atalian believed Mr. Pratt's responses were deficient. In a good-faith attempt to address those concerns, Mr. Pratt served supplemental responses on December 21, 2020. In Atalian's January 26, 2021 letter, Atalian made general references to its November 18 letter, but failed to identify the specific responses which Atalian believed remained at issue in light of those supplemental responses. When pressed during the parties' February 19, 2021 meet and confer, Atalian was unable, or unwilling, to identify the specific responses that Atalian believed remained deficient.

Mr. Pratt remains in the dark as to Atalian's specific concerns. In its letter to the Court, Atalian cites in passing two specific Requests, Nos. 18 & 49. As to Request No. 18, as indicated in his supplemental responses, Mr. Pratt has no documents in his possession responsive to the Request. As to Request No. 49, as indicated in his supplemental responses, Mr. Pratt has no non-privileged documents in his possession responsive to the Request. It is unclear how Mr. Pratt could provide a more substantive response to either of these Requests.

III. **Mr. Pratt Has Provided Complete and Appropriate Responses to Atalian's Interrogatories Pursuant to Local Rule 33.3**

There is no dispute that Atalian timely *served* the interrogatories at issue here. What remains in dispute is the propriety of the scope of Atalian's interrogatories, particularly its contention interrogatories, and the appropriate timing for Mr. Pratt's responses. Contrary to

DuaneMorris

The Honorable Paul A. Engelmayer
March 17, 2021
Page 3

Atalian's representations, Mr. Pratt has appropriately responded to Atalian's interrogatories pursuant to this Court's L.R. 33.3 and Atalian cites no case which suggests otherwise.

First, there is no dispute that the Court may set a deadline for the parties to serve interrogatories, as the Court did in this case. However, Volt Elec. NYC Corp. v. A.M.E., Inc., No. 20 CIV. 4185 (PAE), 2020 WL 6378945 (S.D.N.Y. Oct. 30, 2020), cited by Atalian, does not stand for the broad proposition that the commands of L.R. 33.3 dissipate where the Court enters a scheduling order with a service deadline. Regardless of any deadline, interrogatories in this District remain subject to L.R. 33.3. Atalian has not, and cannot, contend that its broad contention interrogatories are a "more practical method of obtaining the information sought" as required by L.R. 33.3, particularly where not a single deposition has yet occurred.

Second, the stage of discovery in Volt stands in stark contrast to the current stage of fact discovery in the instant suit. In Volt, this Court held that a response to one of Plaintiff's contention interrogatories was warranted where the parties were "two weeks from the close of depositions." 2020 WL 6378945 at *2. In the instant suit—despite the large number of pages produced—Atalian's productions are both incomplete and woefully inadequate, and will be the subject of a letter to the Court from Mr. Pratt. In addition, no depositions have been scheduled, let alone conducted. Ordering Mr. Pratt to provide detailed responses to Atalian's interrogatories at this stage of fact discovery would be (1) inconsistent with this District's practice which favors more practical methods of discovery, like depositions and (2) impractical because Atalian has failed and refused to provide basic discovery about its claims and damages and is in sole possession of the relevant records. See Tribune Co. v. Purcigliotti, 1997 WL 540810, at *3 (S.D.N.Y. Sept. 3, 1997) (denying motion to compel responses to interrogatories where deposition and expert testimony would be better source of information).

In addition, the purported "non-contention interrogatories" Atalian identifies in its letter to the Court seek answers that exceed the bounds of L.R. 33(a). For example, Interrogatory No. 2 does not simply "seek[] names of witnesses with knowledge of information relevant to the subject matter of the action"—which Mr. Pratt identified—it also asks Mr. Pratt to "[i]dentify every individual or entity *with whom You communicated* in connection with the allegations" at issue in this suit. Interrogatory No. 4 seeks more than the "location and general description of relevant documents," and asks Mr. Pratt to identify "every . . . *oral* agreement" that he entered into with certain individuals. And Interrogatory No. 6, requesting that Mr. Pratt "[d]escribe in detail each effort You made to confirm the veracity and accuracy of the Seller's covenants . . ." and No. 10, requesting that Mr. Pratt "[i]dentify every Suburban employee who . . . had principal day-to-day supervisory responsibilit[ies] . . ." plainly exceed the bounds of L.R. 33(a).

As noted above, Mr. Pratt is regrettably preparing his own letter pursuant to Section 2(C) of this Court's Individual Rules and Practices regarding Atalian's refusal to engage in discovery on core areas of dispute in the litigation and expects to file it no later than Monday, March 22, 2021. Mr. Pratt respectfully requests that the Court schedule an informal conference with the parties upon submission of Mr. Pratt's letter and Atalian's response, if any.

DuaneMorris

The Honorable Paul A. Engelmayer
March 17, 2021
Page 4

                                            Very truly yours,

                                            */s/ Michael R. Gottfried*
                                            Michael R. Gottfried

cc:      All counsel of record (via ECF)